

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TIMOTHY STEPHEN LEE, §
 §
  Movant, §
 §
VS. § NO. 4:20-CV-140-A
 § (NO. 4:10-CR-144-A)
UNITED STATES OF AMERICA, §
 §
  Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Timothy Stephen Lee under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the response[1] of United States, the record, including the record in the underlying criminal case, styled "United States v. Timothy Stephen Lee, et al.," Case No. 4:10-CR-144-A, and applicable authorities, finds that the motion should be dismissed as untimely.

I.

Background

The record in the underlying criminal case reflects the following:

On August 11, 2010, movant was named in a three-count indictment charging him in count one with possession with intent

---

[1] The response is in the form of a motion to dismiss.

to distribute a mixture and substance containing approximately 306.4 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), in count two with possession with intent to distribute approximately 9.0 grams of a mixture and substance containing approximately 7.1 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and in count three with possession with intent to distribute approximately 392.3 grams of a mixture and substance containing approximately 366 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). CR Doc.[2] 19. By order signed October 4, 2010, the court dismissed count one of the indictment. CR Doc. 59.

Movant was tried by a jury and convicted of the offenses charged in counts two and three of the indictment. CR Doc. 68. He was sentenced to terms of life as to each count, to run concurrently. CR Doc. 85. Movant appealed, CR Doc. 89, and on March 19, 2012, his judgment was affirmed. United States v. Lee, 465 F. App'x 344, 345 (5th Cir. 2012). Movant did not pursue a petition for writ of certiorari.

II.

Grounds of the Motion

Movant sets forth three grounds in support of his motion.

---

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:10-CR-1440A.

They are worded as follows:

> (1) Did the Government constructively amend the Indictment with in the jury Instruction (?)
> (2) Did the P.S.R. violate Movant's constitutional Right(s) by using Codes and statues [sic] under the sentencing Guidelines that over stated the Movant's guildeline's [sic] Range (?)
> (3) Did The Movant Attorney created constitutionally Ineffective Assisstance [sic] of Counsel by not objecting to Presentencing Report under the Sentencing guildeline's [sic] over Stating the Guildelines [sic] or not arguing Constructive amended of indictment (?)

Doc.³ 1 at 3.⁴

III.

Standards of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of

---

³ The "Doc. __" reference is to the number of the item on the docket in this civil case.
⁴ The reference is to the page number in the center of the bottom margin of the page. (For some unexplained reason, there are different numbers at the bottom right corner of each page.)

3

constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Movant did not petition the Supreme Court for a writ of certiorari; therefore, his judgment became final on June 18, 2012. Clay v. United States, 537 U.S. 522, 525 (2003)(for the purpose of starting the clock on the one-year time limit for a motion under 28 U.S.C. § 2255, a judgment of conviction becomes final when the 90 day time period expires for the filing of a petition for certiorari). He did not file the motion under consideration until February 2020, years after the time for doing so had expired.

Movant references McQuiggin v. Perkins, 569 U.S. 383 (2013), and alludes to actual innocence, but never says he is

4

actually innocent. As the Supreme Court stated in that case, the actual innocence gateway is rare and is not met unless the movant shows that, in light of new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. 569 U.S. at 386. Movant has not even begun to make such a showing.[5] In fact, the court cannot discern exactly what the complaint is, except that it involves a series of issues that could and should have been raised on direct appeal or by timely motion. The court notes that movant would not be entitled to equitable tolling in any event as he has not shown the exercise of any diligence. Nor has he shown that any extraordinary circumstance prevented him from timely filing his motion. Holland v. Florida, 560 U.S. 631, 649 (2010).

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is

---

[5] Movant's motion is not supported by any evidence and he did not even sign the motion.

hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 8, 2020.

JOHN McBRYDE
United States District Judge